# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIUS RILEY<br>　*Plaintiff*,<br><br>V.<br><br>UNITED STATES OF AMERICA<br>　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:20-CV-00065<br><br>COMPLAINT FOR<br>DECLARATORY REIEF<br>(Fed. R. Civ. P. 57) |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES JULIUS RILEY, Plaintiff in the above-styled and numbered civil action, and files this Original Complaint pursuant to 28 U.S.C. § 2201 for a declaration that the Plaintiff does not owe any further money to the United States of America, or its political subdivision, for any care or treatment related to the automobile collision on January 27, 2017 and that Defendant is not entitled to any payment of further portion of the third-party settlement proceeds. In support of this complaint, Plaintiffs would respectfully show the Court the following:

## PARTIES

1. Plaintiff JULIUS RILEY is an individual who resides in San Antonio, Texas and received medical treatment at Brooke Army Medical Center in San Antonio, Texas.

2. Defendant, UNITED STATES OF AMERICA, may be served with process by serving the following individuals in the manner prescribed:

   a) John F. Bash, United States Attorney for the Western District of Texas, via certified mail, return receipt requested at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; and

   b) United States Attorney General, William P. Barr, via certified mail, return receipt requested, at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

## JURISDICTION AND VENUE

3. This court has jurisdiction of the subject matter of this action, pursuant to 28 U.S.C. § 1346, because it arises out of the laws of the United States and the United States is a Defendant. This dispute concerns the validity and enforceability of a lien asserted by the United States pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651.

4. Venue is proper in the United States District Court, Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391 because the events and occurrences giving rise to this claim arose in this District.

## FACTS

5. On January 27, 2017, Plaintiff JULIUS RILEY sustained severe/permanent personal injuries in a motor vehicle collision with a third-party. Plaintiff received treatment at Brooke Army Medical Center for his collision related injuries and the amount of the original lien asserted by the United States of America is believed to be $390,900.38 (See attached Exhibit #1). Subsequently, the tortfeasor tendered his policy limits of $30,000.00 for all claims related to the accident. Plaintiff JULIUS RILEY did apply his recovery after reduced attorney fees and expenses, to pay $5,484.56, a portion of BAMC's outstanding bill, leaving the Plaintiff with a zero net recovery.

6. Given the severity of Plaintiff's injuries, the Defendant, United States of America, is not entitled to recover any further money against Plaintiff. However, as a result of Defendant's failure to release its lien, Plaintiff, as of August 29, 2019, owed the United States Department of Treasury $635,232.94, inclusive of balance, interest, fees, penalties & costs (See attached Exhibit #2). Defendant has begun to garnish Plaintiff's wages, and Plaintiff accordingly is suffering a great financial hardship, preventing him also from obtaining financing for purchase

of real estate or vehicles. Plaintiff seeks a declaratory judgment so that Defendant's lien be released, garnishment halted, and the previously garnished wages be repaid to Plaintiff.

7. As a practical matter, Plaintiff filed this suit because Brooke Army Medical Center or the Defense Finance and Accounting Service (DFAS)—the collection agency for the federal government—failed to respond to numerous verbal/written requests. Plaintiff's account has remained in a state of permanent limbo for years now. Plaintiff is seeking, through this process, to resolve the Defendant's lien so that Plaintiff can recover his garnished wages and clear his credit history. However, the breakdown in communication between Brooke Army Medical Center and DFAS has made amicable resolution of the Defendant's lien impossible.

8. An actual controversy now exists between the parties with respect to the validity and enforceability of lien asserted by the Defendant.

## DECLARATORY JUDGMENT

9. In order to resolve this controversy, Plaintiff requests that, pursuant to 28 U.S.C. §2201, this court declare the respective rights and duties of the parties in this matter and, in particular, that the court declare that Defendant is not entitled to any further payment and that its lien against Plaintiff be released.

10. A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that Plaintiff is losing wages and Plaintiff cannot enter into any transactions involving credit until the validity and enforceability of Defendant's lien is determined.

11. The Plaintiff has the requisite standing to request this declaration in that Plaintiff is suffering a direct and personal injury as a result of the invalid and unenforceable lien asserted by the Defendant against Plaintiff.

12. This controversy is ripe for determination at this time because Defendant is currently asserting a lien against Plaintiff.

## ATTORNEYS FEES

13. Plaintiff has retained the Law Offices of Beer & King, P.C. to represent him in this action and has agreed to pay the firms' reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Plaintiff would be equitable and just.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays this court render a declaratory judgment providing that:

1. Defendant is not entitled to any further payments of its lien and that the lien be released;

2. Plaintiff be reimbursed the wages that have been garnished;

3. Plaintiff receive costs of suit, including reasonable attorney's fees; and

4. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
LAW OFFICES OF BEER & KING, P.C.,
Wells Fargo Bank Building, Suite 303
750 East Mulberry Avenue
San Antonio, Texas  78212-3154
Tel:  (210) 733-6555
Fax: (210) 733-6552
bbeer@beerkinglaw.com

By: _____
Barry H. Beer
Bar No. 02040800
Attorney for Plaintiff